UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WAYNE ANDERSON, a/k/a Goldie,
a/k/a G,

          *Defendant-Appellant.*

No. 99-6864

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-93-159-BO, CA-98-749-5-BO)

Submitted: May 31, 2000

Decided: December 5, 2000

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

## COUNSEL

Milton Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDEN-
HOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant.
Robert Edward Skiver, Assistant United State Attorney, Raleigh,
North Carolina; David Paul Folmar, Jr., Assistant United States Attor-
ney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Wayne Anderson appeals the district court orders dismissing his petition filed under 28 U.S.C.A. § 2255 (West Supp. 2000) as untimely and denying his application for a certificate of appealability. While we deny a certificate of appealability and dismiss the appeal as to most of Anderson's claims, we grant a certificate of appealability, vacate the district court's orders, and remand as to Anderson's claims that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and that the prosecution knowingly presented false testimony.

Anderson is serving a 300-month sentence for robbery, use of a firearm during a crime of violence, and aiding and abetting those crimes. Anderson's first jury trial resulted in a mistrial because the jury could not reach a verdict. Anderson was then convicted after a second trial. His convictions became final on April 20, 1995. On September 22, 1998, Anderson filed a pro se 28 U.S.C.A. § 2255 motion in which he alleged a *Brady* violation, ineffective assistance of counsel claims, that the Government failed to correct perjured testimony of one of its witnesses, and that the Government violated 18 U.S.C.A. § 201(c)(2) (West Supp. 2000).[1] Anderson acknowledged his motion was filed beyond § 2255's one year limitations period, but argued that the time period for filing should be equitably tolled. He asserted that because of his transfer among several correctional facilities, he was denied access to his legal materials until August 28, 1998. Because we conclude that Anderson's transfer among various penal institutions does not present the "rare instance" when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result," *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th

---

[1]This court has explicitly held that § 201 does not apply to the Government. *See United States v. Richardson*, 195 F.3d 192, 194 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 837 (2000).

Cir. 2000), the district court did not err in declining to toll the one-year limitations period on that basis. We therefore deny a certificate of appealability and dismiss the appeal because Anderson's § 2255 motion was untimely as to all of his claims except his claims that the Government violated *Brady* and knowingly presented false testimony.

As to those claims, Anderson asserted that under the statute, the one year time period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255 (West Supp. 2000). Anderson avers that under this provision of the statute, the limitations period should run from the date upon which the facts surrounding his *Brady* and perjured testimony claims could have been discovered through due diligence. Anderson alleges that after trial, he discovered the Government withheld information that its own witness, Frankie Anderson (Frankie),[2] Anderson's nephew, received a variety of favors, including financial compensation, for his testimony.[3] Frankie had denied any favors or compensation from the Government on cross-examination at trial. Anderson asserts that he did not discover information relevant to his *Brady* and false testimony claims until April 8, 1998, when a friend obtained a copy of a "motion to dismiss" that Frankie filed in another court in another state. In that motion, Frankie apparently sought to withdraw a "motion to vacate" his conviction because "the Government has agreed to help me financially because of my situation in cooperating." Anderson states that after he discovered the motion, a private investigator disclosed to him that the Government withheld favorable, impeaching evidence during his trial. The investigator obtained sworn statements from Frankie and his girlfriend detailing favors Frankie received from the Government

---

[2]Frankie did not testify at Anderson's first trial that resulted in a mistrial due to a hung jury. At the second trial, the Government called its previous witnesses and Frankie, who provided evidence of Anderson's participation in the robbery. Frankie examined a picture taken during the robbery and identified Anderson as the person in the picture and testified that Anderson instructed him to drive two participants in the robbery from Florida to North Carolina for the robbery.

[3]It is unclear exactly how Anderson discovered this information. In his § 2255 motion, he alleges he discovered the information pursuant to a Freedom of Information Act request.

in exchange for his testimony.[4] Anderson attached these documents to his application for a certificate of appealability and his § 2255 motion in the district court. Anderson argues that his September 28, 1998 motion was timely because it was filed within one year from when he discovered Frankie committed perjury, April 8, 1998.

We must first determine whether a certificate of appealability should issue as to Anderson's remaining claims. Under 28 U.S.C.A. § 2253(c)(2), a certificate of appealability is granted "only if the applicant has made a substantial showing of the denial of a constitutional right." When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, as the district court did in Anderson's case, a certificate of appealability permitting appeal of the district court's order should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). After obtaining supplemental briefing from the parties on this issue, we find both criteria exist in this case.

Anderson asserts that his due process rights were violated when the Government did not disclose to him prior to trial "favorable evidence that was material to guilt or punishment" in relation to Frankie's testimony and when the Government permitted Frankie to deny on cross-examination that he had not received any favors from the Government in exchange for his testimony. Anderson notes that Frankie was a crucial government witness and that he could have impeached his testimony had the Government disclosed this information about Frankie prior to trial. The Government counters that Frankie's testimony was not critical to the prosecution because other testimony linked Anderson to the robbery for which he was convicted.

A government prosecutor's duty to disclose under *Brady* has three components: "(1) the evidence at issue must be favorable to the defen-

---

[4]These favors allegedly included $5000, conjugal visits with his girl-friend in the prosecutor's office, a promise of early release, and telephone privileges at government expense.

dant, whether directly exculpatory or of impeachment value; (2) it must have been suppressed by the state, whether willfully or inadvertently; and (3) it must be material." *Spicer v. Roxbury Correctional Inst.*, 194 F.3d 547, 555 (4th Cir. 1999) (citations omitted). In addition, knowing use of perjured testimony violates due process when there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *Kyles v. Whitley*, 514 U.S. 419, 433 n.7 (1995) (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)); *United States v. Ellis*, 121 F.3d 908, 915 n.5 (4th Cir. 1997). We conclude on the record before us that reasonable jurists would find it debatable whether the Government's failure to disclose impeachment evidence concerning the favors Frankie received from the Government meets all three components of a viable *Brady* claim. We also conclude that reasonable jurists would find it debatable whether the Government's failure to correct Frankie's denial on cross-examination deprived Anderson of due process because it amounted to the knowing use of perjured testimony by the prosecution. Therefore, under the first prong of *Slack*, we find Anderson has made a sufficient showing to obtain a certificate of appealability as to those issues.

We next assess under *Slack* whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Anderson alleges that he did not discover information relevant to Frankie's testimony until April 8, 1998, when he obtained a copy of Frankie's own "motion to dismiss" filed in a different court in which Frankie stated he received money from the Government and expected an early release date. Anderson also alleges that after receiving this information, a private investigator obtained sworn statements from Frankie and his girlfriend detailing favors he received from the Government in exchange for his testimony. Anderson continues that he filed his September 28, 1998 motion within one year of his April 8, 1998 discovery of evidence concerning the Government's dealings with Frankie. The Government counters that Anderson did not exercise "due diligence" in pursuing his claims concerning Frankie's testimony and that Anderson's pleadings are conflicting as to when and how he discovered Frankie's motion. We conclude from the record that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling that this claim was barred by the one-year limitations period.

For these reasons, we grant a certificate of appealability as to Anderson's *Brady* claim and his claim that the Government knowingly presented false testimony, vacate the district court's dismissal of those claims, and remand for further proceedings as to those claims. We express no opinion as to their ultimate resolution by the district court. We deny a certificate of appealability and dismiss the appeal as to all of Anderson's other claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; VACATED*
*AND REMANDED IN PART*